M. A. Zarosky v. The State.

No. 13196. Delivered March 26, 1930.
Reported in 26 S. W. (2d) 267.

The opinion states the case.

*E. A. Camp* of Rockdale, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, Judge.—Conviction for possessing equipment for the manufacture of intoxicating liquor; punishment, eighteen months in the penitentiary.

The State's testimony amply shows that upon the occasion of a visit to the home of appellant by officers they found one hundred and ninety-four bottles of beer, nine cans of malt, ten gallons of beer mash, a large jar, one capping machine, a syphon, a quart of beer caps, and a five gallon keg with a gallon and a half of whisky in it. The above was testified to as equipment sufficient for the manufacture of intoxicating liquor. Appellant's wife took the stand in his behalf and testified that she possessed the paraphernalia and equipment; that her brother bought the malt for her, and that she made the beer herself and used it for medicine. She said sometimes they set beer on the table at dinner time and all the family partook if they wanted it. She denied the proposition of the presence of whisky. She said her husband helped her to put the caps on the beer bottles, but that this was the extent of his assistance in using the equipment. She said she had seen him drink the beer at the table, but it would not make any difference whether he drank it at the table or somewhere else. According to the officers' testimony they found beer scattered in different places around the house. Appellant was present when the house was searched. The beer found was shown to contain 5.31 per cent alcohol by volume, and was intoxicating.

There are no bills of exception in the record. Six special charges were asked. The first sought to have the jury told that they could not find the defendant guilty of manufacturing, etc. Inasmuch as the jury did not find appellant guilty under the count for manu-

512

facturing, it will be unnecessary to consider this charge. Special charges 2 and 4 have upon, them no notation from which we can tell whether they were filed after the evidence was introduced and before the charge of the court was given to the jury, and hence can not be considered. Special charges 3 and 5 were in reference to the question of guilt of the manufacture of liquor, which question passed out of the case by the action of the jury in convicting under a different count from that charging manufacturing. Special charge No. 6 sought to have the jury told that they could not convict appellant, even though they found that his wife possessed the equipment, etc., and even though he was present and knew at the time that she was in possession of said articles,—unless they further found and believed beyond a reasonable doubt that defendant, knowing the wife's unlawful intent, aided by his acts or encouraged by words or gestures in the possession of said equipment. This charge is completely covered by the main charge of the court. Appellant files an ingenious argument with an interesting analysis of the supposed effect of the charge given and many criticisms of same, but without citation of any authorities.

Being unable to agree with any of the contentions made, the judgment will be affirmed.

*Affirmed.*